# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: December 1, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| DOUGLAS BILLING, | * | |
| | * | |
| Petitioner, | * | No. 18-679V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Interim Attorneys' Fees |
| AND HUMAN SERVICES, | * | and Costs; Reduction of |
| | * | Expert Fees. |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Sean Franks Greenwood,* Greenwood Law Firm, Houston, TX, for petitioner.
*Ryan Daniel Pyles,* U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On June 22, 2021, Douglas Billing ("petitioner"), filed a motion for interim attorneys' fees and costs. Interim Fees Application ("Int. App.") (ECF No. 58). I hereby **GRANT** petitioner's motion. Petitioner is hereby awarded interim attorneys' fees and costs in the amount of $100,201.27.

### I.  Procedural History

On May 14, 2018, petitioner initiated this claim in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of receiving influenza ("flu") and tetanus-diphtheria-acellular pertussis ("Tdap") vaccinations on September 30, 2015, he developed new daily persistent headaches ("NDPH") with onset on October 3, 2015 and

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. This means the opinion will be available to anyone with access to the Internet. Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the [opinion]." *Id.* If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes. *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to 34 (2012) ("Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

persisting for well over six months. Petition (ECF No. 1). Petitioner filed supporting medical records (Petitioner's Exhibits ("Pet. Exs.") 1-18) followed by a statement of completion on July 13, 2018 (ECF No. 11).

After receiving several extensions of time, on March 12, 2019, respondent's counsel identified one issue with the filed records, advising that respondent intended to defend the case, and proposing a deadline to file respondent's report required by Vaccine Rule 4(c). Respondent ("Resp.") Status Report (ECF No. 16). The status report did not comply with my instruction that respondent's counsel was to identify respondent's reasons for defending the claim such as "the need for expert opinions on the nature of the injury or illness at issue and/or vaccine causation." Scheduling Order (ECF No. 16). I directed petitioner to file an expert report within 60 days and for respondent to file a responsive expert report and the Rule 4(c) report within 60 days thereafter. Scheduling Order (ECF No. 18).

Petitioner subsequently filed additional medical records and he retained neurologist Marcel Kinsbourne, M.D. who supported vaccine causation for the diagnosis of New Daily Persistent Headaches ("NDPH") which appeared throughout petitioner's medical records, *see* Pet. Ex. 22. Respondent then filed his Rule 4(c) report (ECF No. 32) which relied on the opinion of neurologist Dara Jamieson, M.D., that vaccine causation for NDPH was unlikely, *see* Resp. Ex. A.

At a status conference on January 9, 2020, I reviewed the initial expert reports. I also noted that recent medical records referenced that petitioner undergone laboratory studies that identified high antibody titers to voltage-gated potassium channels, and that petitioner was seeking a new treating neurologist. *See* Pet. Ex. 30 at 3. I directed petitioner to address those issues and to consider retaining another expert. *See* Scheduling Order (ECF No. 34).

Petitioner duly filed updated medical records, followed by a report from immunologist Omid Akbari, Ph.D., *see* Pet. Ex. 36. Respondent then filed a responsive expert report from Dr. Jamieson, Resp. Ex. C.

During another status conference on March 1, 2021, I commented that the case presented "a very complex diagnostic problem" for which petitioner should seek further neurologic workup" and have a qualified expert neurologist address certain questions. Scheduling Order (ECF No. 50).

Since that status conference, petitioner has filed Dr. Akbari's second report, Pet. Ex. 101. Petitioner has requested additional time to file Dr. Kinsbourne's second report as well as updated medical records.

On June 22, 2021, petitioner filed the instant motion for interim attorneys' fees of $42,863.02 and interim attorneys' costs of $62,322.16, for a total interim request of $105,195.18. Int. Fee App. at 1, 19.

On July 6, 2021, respondent filed a response, in which he deferred to my determination as to whether petitioner had established good faith and a reasonable basis for his claim, whether an

2

interim award was appropriate at this time, and what a reasonable award would be. Int. Fees Response (ECF No. 61). Petitioner has not filed a reply. Thus, this matter is ripe for adjudication.

## II.     Entitlement on Attorneys' Fees and Costs

### A. Legal Standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation. §15(e)(1)(A)-(B). Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought." § 15(e)(1). The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012). In this case, I have found that petitioner is entitled to compensation.

### B. Interim Awards

The Vaccine Act permits interim attorneys' fees and costs. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at 1375. In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." 515 F.3d at 1352. I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000. If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred. These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application. I evaluate each one on its own merits.

Here, the claim has been pending and counsel has been involved for more than 1.5 years. There is sufficient proof of vaccination. Multiple treating providers recorded the acute onset of new daily headaches shortly after the vaccinations, which have persisted for several years.

After entering a claim that was initially filed *pro se*, counsel obtained all necessary medical records and gathered additional fact evidence which led to my finding that the onset of petitioner's symptoms was after the Tdap vaccination. The case has now proceeded through the production of two expert reports from a neurologist and two extensive expert reports from an immunologist along with opposing reports from the respondent. Additionally, extensive medical records and medical literature have been filed to document the petitioner's case and support his expert opinions. The case has presented difficult issues of diagnosis with the ultimate diagnosis of new onset persistent daily headaches being a relatively newly recognized diagnostic entity.

The requested fees and costs easily surpass the minimum thresholds. The case has been at issue since 2018 and is currently awaiting scheduling for a hearing in 2022. Based on all of these factors and my preliminary review of both parties' expert reports, I find it appropriate to award interim attorneys' fees and costs at this time.

### III. Reasonable Attorneys' Fees and Costs

#### A. Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (*per curiam*).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

#### B. Hourly Rates

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates. The Attorneys Forum Hourly Rate Fee Schedules for 2018-2021 are provided online.[3]

---

[3] U.S. Court of Federal Claims – OSM Attorneys' Forum Hourly Rate Fee Schedules, available at https://www.uscfc.uscourts.gov/node/2914.

In this case, petitioner is requesting that his attorney, Mr. Greenwood, be reimbursed at an hourly rate of $337.00 for work performed in 2018; $363.00 for work performed in 2019; $400.00 for work performed in 2020; and $425.00 for work performed in 2021. Pet. Ex. 103-04. Petitioner requests that Ms. Smith be reimbursed for her work performed on the case for the period of 2017-2019 at the following rates: $150.00 per hour for 2017; $215.00 per hour for 2018; and $225.00 per hour for 2019. *Id*. Petitioner requests that Ms. Erchick be reimbursed for her work performed on the case for the period of 2020-2021 at the following rates: $163.00 per hour for 2020; $172.00 per hour for 2020. *Id*. Petitioner requests that Ms. Ward be reimbursed for her work performed on the case for the period of 2019-2020 at the following rates: $150.00 per hour for 2019; $160.00 per hour for 2020; $170.00 per hour for 2021. *Id*. Finally, Petitioner requests that Ms. Carruth be reimbursed for her work performed on the case for 2021 at the rate of $180.00 per hour. *Id*.

The Greenwood Law Firm is one of only a few law firms in Houston representing Petitioners in the Program. Currently, there are only 16 lawyers in Texas and four lawyers in Houston on the Court of Federal Claims' site of licensed attorneys available to handle vaccine injury cases. Mr. Greenwood has 17 years of experience practicing in the Program and has filed 58 cases. Ms. Smith had five years practicing in the Program assisting Mr. Greenwood in filing cases. Both attorneys are active members of the Vaccine Petitioner's Bar. Mr. Greenwood has over 30 years of experience in the practice of law. The billing for less experienced associates was appropriately calibrated to their level of experience. Their billing and that for paralegals and law clerks Ms. Erchick and Ms. Ward are also appropriately within the OSM billing guidelines.

The billing records from the Greenwood Law Firm reflect that the majority of attorney work was performed by Mr. Greenwood with supporting work done by Ms. Smith, Ms. Erchick, Ms. Ward, and Ms. Carruth. The hourly rates for these attorneys, law clerks, and paralegal for the work performed from 2018 to 2021[4] have repeatedly been awarded by me and other Special Masters. *See*, *Como v. Sec'y of Health & Hum. Servs.,* No. 18-99V, 2021 WL 3370255, at *3 (Fed. Cl. July 6, 2021); *Skiles v. Sec'y of Health & Human Servs.*, No. 18-1597V, 2020 WL 5407823 (Fed. Cl. Spec. Mstr. Aug 14, 2020); *Heddens v. Sec'y of Health & Human Servs.*, No. 15-734V, 2019 WL 5791266 (Fed. Cl. Spec. Mstr. Oct. 24, 2019); *Trigueros v. Sec'y of Health & Hum. Servs.,* No. 16-1058V, 2021 WL 2767695, at *2 (Fed. Cl. May 27, 2021). These rates are reasonable for the work performed and will be awarded without adjustment.

### C. Hours Expended

As previously noted, a line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484. Rather, I may rely on my experience to evaluate the reasonableness of hours expended. *Id*. Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing

---

[4] The hours billed in calendar year 2021 were for work performed prior to publication of the 2021 fee schedule. No rate increase was requested for this work and the question of appropriate hourly rates for 2021 is therefore not reached.

fee applications." *Saxton*, 3 F.3d at 1521. Upon review of the invoice submitted with the petitioner's interim fee application, and my knowledge of the proceedings in this case to date as described above, the numbers of hours expended appear to be reasonable and adequately documented. Therefore, they will be awarded $42,863.02 without adjustment.

### D. Costs

Like attorneys' fees, costs incurred-by counsel or petitioners themselves-must be reasonable to be reimbursed by the Program. *Perreira*, 27 Fed. Cl. Ct. 29, 34.

Here, petitioner requests that the Greenwood Law Firm be reimbursed for total costs of $62,322.16.[5] Pet. Motion for Interim Award. A majority of the costs is for Dr. Akbari's two expert reports filed under ECF No. 41 and 57. His initial report, secondary report, curriculum vitae, and cited medical literature have been filed as Pet. Exs. 36 - 101. He billed $550.00 per hour for 112.7 hours of work on the case, which amounts to $61,985.00. Pet. Ex. 106.

Dr. Akbari has a Ph.D. in Cellular and Molecular Immunology. Pet. Ex. 101. He is a professor of Allergy and Immunology in the Department of Molecular Microbiology and Immunology at the Keck School of Medicine at the University of Southern California. *Id*. Additionally, Dr. Akbari is an active researcher in the field of immune tolerance in triggering autoimmune disease. *Id*. Dr. Akbari has been consistently awarded a rate of $500.00/hour by other special masters in the program. *See Reinhardt v. Sec'y of Health & Hum. Servs.,* No. 17-1257V, 2021 WL 2373818 (Fed. Cl. Apr. 22, 2021); *See Hernandez v. Sec'y of Health & Hum. Servs.*, No. 16-1508V, 2018 WL 4391060 (Fed. Cl. Spec. Mstr. Aug. 20, 2018); *Shinskey v. Sec'y of Health & Hum. Servs.,* No. 15-713V, 2019 WL 2064558 (Fed. Cl. Spec. Mstr. May 9, 2019); *Sheppard v. Sec'y of Health & Hum. Servs.*, No. 17-819V, 2020 WL 1027958 (Fed. Cl. Spec. Mstr. Feb. 20, 2020); *Bisceglia v. Sec'y of Health & Hum. Servs.*, No. 19-91V, 2020 WL 6146101 (Fed. Cl. Spec. Mstr. Sep. 20, 2020); *Robinson v. Sec'y of Health & Hum. Servs.*, No. 15-967V, 2018 WL 5629850 (Fed. Cl. Spec. Mstr. Sep. 12, 2018); cf. *Riley v. Sec'y of Health & Hum. Servs.*, No. 16-262V, 2020 WL 1026929 (Fed. Cl. Spec. Mstr. Feb. 6, 2020) (granting Dr. Akbari an expert rate of $300.00 per hour); *Lewis v. Sec'y of Health & Hum. Servs.*, 15-907V, 2020 WL 1283461 (Fed. Cl. Spec. Mstr. Feb. 20, 2020) (reaffirming Dr. Akbari's expert hourly rate of $300.00 per hour). I find that $500 per hour, as has been consistently awarded to Dr. Akbari to be an appropriate hourly rate. While Dr. Akbari provided a total of two expert reports, (ECF No. 41 and 57) this represents an unusually large expenditure of time for a case that has not yet had a hearing. Given the diagnostic difficulty in this case and the novel diagnosis ultimately reached I am inclined to award the hours requested, but I caution Dr. Akbari and counsel to endeavor to reduce the number of hours billed henceforth. I do, however, observe that Dr. Akbari did provide very detailed records of the time spent on this case. The other expert, Dr. Kinsbourne, has also generated two expert reports (ECF No. 26 and 62) but I note that no billing has been submitted for his time in this request.

---

[5] Petitioner also requests reimbursement for costs such as the filing fee, obtaining medical records and postage totally $988.25. Pet. Ex. 104. These costs are typical expenses that the program reimburses attorneys for, and as such, will be awarded. Therefore, the total amount for attorney's costs requested was $62,973.25.

Therefore, the amount to be awarded for Dr. Akbari will be reduced to $56,350 to conform to the $500 per hour billing rate. The total attorney's costs to be awarded will be $57,338.25.

### IV. Conclusion

In accordance with the above, petitioner's motion for interim attorneys' fees and costs is **GRANTED**. Accordingly, I award the following:

1. **Interim Attorney's fees in the amount of $42,863.02; and**

2. **Interim expenses in the amount of $57,338.25.**

**A lump sum in the amount of $100,201.27, representing reimbursement for *interim* attorneys' fees and costs, in the form of a check payable jointly to petitioner and her counsel.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[6]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[6] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).