# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: September 8, 2023

```
*  *  *  *  *  *  *  *  *  *  *  *  *
DOUGLAS BILLING,                     *
                                     *
              Petitioner,            *         No. 18-679V
                                     *
v.                                   *         Special Master Gowen
                                     *
SECRETARY OF HEALTH                  *         Second Interim Attorneys' Fees
AND HUMAN SERVICES,                  *         and Costs; Reduction.
                                     *
              Respondent.            *
*  *  *  *  *  *  *  *  *  *  *  *  *
```

*Sean Franks Greenwood,* Greenwood Law Firm, Houston, TX, for petitioner.
*Ryan Daniel Pyles,* U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On July 12, 2023, Douglas Billing ("petitioner") filed a second motion for interim attorneys' fees and costs. Second Interim Fees Application ("Int. Fees App.") (ECF No. 97). I hereby **GRANT** petitioner's motion. Petitioner is hereby awarded interim attorneys' fees and costs in the amount of **$115,856.55.**

### I.    Procedural History

On May 14, 2018, petitioner initiated this claim in the National Vaccine Injury Compensation Program.[2]  Petitioner alleged that as a result of receiving influenza ("flu") and tetanus-diphtheria-acellular pertussis ("Tdap") vaccinations on September 30, 2015, he developed new daily persistent headaches ("NDPH") with onset on October 3, 2015 and persisting for well over six months. Petition (ECF No. 1).  Petitioner filed supporting medical

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.**  The Court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  Before the opinion is posted on the Court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes  medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of  privacy."  Vaccine Rule 18(b).  An objecting party must provide the Court with a proposed redacted version of the opinion.  *Id.*  **If neither party files a motion for redaction within 14 days, the opinion will be posted on the Court's website without any changes.**  *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to 34 (2012) ("Vaccine Act" or "the Act").  Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

records followed by a statement of completion on July 13, 2018. Petitioner's Exhibits "Pet. Exs." 1-18 (ECF No. 11).

On March 12, 2019, respondent filed a status report identifying a formatting issue with one of the filed records, advised the court that respondent intended to defend the case, and proposed a deadline for respondent to file a Rule 4(c) Report. (ECF No. 17). Petitioner filed updated medical records on March 15, 2019, May 15, 2019, and August 15, 2019. (ECF Nos. 19, 22, 25). Petitioner filed an expert report from neurologist Marcel Kinsbourne, M.D. who supported vaccine causation for the diagnosis of New Daily Persistent Headaches ("NDPH") which appeared throughout petitioner's medical records. Pet. Ex. 22 (ECF No. 26).  Respondent then filed his Rule 4(c) report which relied on the opinion of neurologist Dara Jamieson, M.D., that vaccine causation for NDPH was unlikely. Respondent's ("Resp") Report (ECF No. 32); Resp. Ex. A (ECF No. 29).

A status conference was held on January 10, 2020, in which I ordered petitioner to file all outstanding medical records. (ECF No. 34). On March 16, 2020, petitioner filed a consented motion to substitute attorney Sean Greenwood in place of Kayleigh Smith, which I granted on March 17, 2020. (ECF No. 40). Petitioner filed an expert report from immunologist Omid Akbari, Ph.D. Pet. Ex. 36 (ECF No. 41). Respondent filed responsive expert reports from Dr. Dara Jamieson, M.D., and Dr. Andrew Saxon, M.D. Resp. Ex. C (ECF No. 47); Resp. Ex. D (ECF No. 48).

A status conference was held on March 1, 2021, and in the scheduling order I commented that the case presented "a very complex diagnostic problem" for which petitioner should seek further neurologic workup" and have a qualified expert neurologist address certain questions. (ECF No. 50). Petitioner filed a supplemental expert report from Dr. Akbari on June 21, 2021, and a supplemental expert report from Dr. Kinsbourne on August 20, 2021. Pet. Ex. 101 (ECF No. 57); Pet. Ex. 108 (ECF No. 62). Respondent filed supplemental expert reports from Dr. Jamieson on October 21, 2021, and Dr. Saxon on December 2, 2021. Resp. Ex. F (ECF No. 67); Resp. Ex. G (ECF No. 70).

On June 22, 2021, petitioner the first motion for interim attorneys' fees of $42,863.02 and interim attorneys' costs of $62,322.16, for a total interim request of $105,195.18.  First Int. Fee App. (ECF No. 58). On July 6, 2021, respondent filed a response, in which he deferred to my determination as to whether petitioner had established good faith and a reasonable basis for his claim, whether an interim award was appropriate at this time, and what a reasonable award would be.  First Int. Fees Response (ECF No. 61).  Petitioner did not file a reply. In that decision, I awarded $42,863.02 in interim attorneys' fees, and $57,338.25 in interim costs, totaling $100,201.27 in interim attorneys' fees and costs. Decision on Attorneys' Fees and Costs (ECF No. 69).

An entitlement hearing was set for March 23, 2022 through March 24, 2022. Hearing Order (ECF No. 73). Petitioner filed a prehearing brief on January 24, 2022, respondent filed a prehearing brief on March 1, 2022, and the parties filed joint prehearing submissions on March 15, 2022 and March 18, 2022. *See* Pet. Prehearing Brief (ECF No. 78); Resp. Prehearing Brief (ECF No. 80); Resp. Joint Prehearing Submissions (ECF No. 81); Pet. Joint Prehearing

Submissions (ECF No. 83). The Entitlement Hearing took place via video conference from March 23, 2022 through March 24, 2022.

On July 5, 2022, petitioner filed his post hearing brief. Pet. Post Hearing Brief (ECF No. 91). Respondent filed a post hearing brief on August 26, 2022. Resp. Post Hearing Brief (ECF No. 94). Petitioner filed a response to respondent's post hearing brief on September 16, 2022. (ECF No. 96).

On July 12, 2023, petitioner filed the instant second motion for interim attorneys' fees and costs. Second Int. Fees App. Petitioner requested a total of $121,349.15 in interim attorney's fees and costs, representing $117,774.50 in interim attorneys' fees and $3,574.65 in attorney's costs. *Id*. at 1. Respondent filed his response on July 21, 2023, deferring to the "Special Master as to whether petitioner is entitled to a second interim award of attorneys' fees and costs." Resp. Response at 3 (ECF No. 98). Petitioner has not filed a reply.

The matter is now ripe for adjudication.

## II.    Entitlement on Attorneys' Fees and Costs

### A.  Legal Standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation. §15(e)(1)(A)-(B). Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought." § 15(e)(1). The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).

### B.  Interim Awards

The Vaccine Act permits interim attorneys' fees and costs. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at 1375. In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." 515 F.3d at 1352. I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000. If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred. These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application. I evaluate each one on its own merits.

Here, the claim has been pending since May 14, 2018, and counsel has been involved since March 17, 2020. The case has been pending for more than 19 months since the last award of attorneys' fees and costs. The amount of fees requested is over $30,000.00, and the amount of costs is less than $15,000.00. A three-day entitlement hearing took place in March 2022, and the entitlement decision has not yet been published but has been ripe since September 16, 2022. Based on all of these factors, I find it appropriate to award second interim attorneys' fees and costs at this time.

## III.    Reasonable Attorneys' Fees and Costs

### A.  Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (*per curiam*).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

### B.  Hourly Rates

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The

Court has since updated the *McCulloch* rates.  The Attorneys Forum Hourly Rate Fee Schedules for 2018-2021 are provided online.[3]

In this case, petitioner is requesting that his attorney, Mr. Greenwood, be reimbursed at an hourly rate of $425.00 for work performed in 2021, and $470.00 per hour for work performed in 2022. Second Int. Fees App. at 21. Petitioner requests that Ms. Ochoa be reimbursed at an hourly rate of $180.00 for work performed in 2021, and $200.00 per hour for work performed in 2022. *Id*. Petitioner requests that Ms. Ward be reimbursed at an hourly rate of $170.00 per hour for work performed in 2021 and 2022. *Id*. Petitioner requests that Ms. Carruth be reimbursed at an hourly rate of $180.00 per hour for work performed in 2021.

The Greenwood Law Firm is the only firm in Houston, Texas representing petitioners in the program and there are only 9 other law firms with attorneys licensed to handle vaccine injury cases as per the Court of Federal Claims website.[4] Second Int. Fees App. at 22. Mr. Greenwood has 22 years of experience practicing in the Program and has filed 60 cases. *Id*. Ms. Ochoa has been licensed in the State of Texas since 2021 and has been in private practice for two years. *Id*. at 21. Ms. Carruth has been licensed in the state of Texas since 2020 and has been in private practice for three years. *Id*. Ms. Ward works as Mr. Greenwood's paralegal. *Id*. at 24.

The requested rate for attorneys Mr. Greenwood and Ms. Ochoa are within the OSM billing guidelines. The rate of $180.00 per hour requested by Ms. Carruth has not yet been awarded in the vaccine program and in the initial interim fees application, she was awarded $170.00 for work performed in 2021, therefore her hourly rate will be reduced from $180.00 to $170.00 to match the previous interim fees decision. Resulting in a reduction of Ms. Carruth's overall fee of $50.00, for a total of $850.00.

The billing records from the Greenwood Law Firm reflect that the majority of attorney work was performed by attorney Mr. Greenwood, followed by attorney Ms. Ochoa, followed by paralegal Ms. Ward, and finally by attorney Ms. Carruth. Pet. Ex. 166 at 14.  The hourly rates for these attorneys, and paralegal for the work performed from 2021 to 2022 have repeatedly been awarded by me and other Special Masters. The only adjustment will be for attorney Ms. Carruth from $180.00 per hour requested to $170.00 per hour, to conform with the previous interim attorneys' fees and costs decision.  *See Billing v. Sec'y of Health & Hum. Servs.,* No. 18-679V, 2021 WL 6059382, at *4 (Fed. Cl. Dec. 1, 2021); *Roach-Yohey v. Sec'y of Health & Hum. Servs*., No. 17-1744V, 2022 WL 1075388 (Fed. Cl. Spec. Mstr. Mar. 4, 2022); *Cowart v. Sec'y of Health & Hum. Servs*., No. 16-513V, 2022 WL 4954728, at *5 (Fed. Cl. Sept. 8, 2022); *Como v. Sec'y of Health & Hum. Servs.,* No. 18-99V, 2021 WL 3370255, at *3 (Fed. Cl. July 6, 2021); *Skiles v. Sec'y of Health & Human Servs*., No. 18-1597V, 2020 WL 5407823 (Fed. Cl. Spec. Mstr. Aug 14, 2020); *Heddens v. Sec'y of Health & Human Servs*., No. 15-734V, 2019 WL 5791266 (Fed. Cl. Spec. Mstr. Oct. 24, 2019); *Trigueros v. Sec'y of Health & Hum. Servs.,* No. 16-1058V, 2021 WL 2767695, at *2 (Fed. Cl. May 27, 2021).

---

[3] U.S. Court of Federal Claims – OSM Attorneys' Forum Hourly Rate Fee Schedules, available at https://www.uscfc.uscourts.gov/node/2914.

[4] https://cofc-ecf.sso.dcn/cgi-bin/CFC_VaccineAttorneys.pl

### C.  Hours Expended

As previously noted, a line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484.  Rather, I may rely on my experience to evaluate the reasonableness of hours expended.  *Id.*  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

Upon review of the invoice submitted with the petitioner's interim fee application, and my knowledge of the proceedings in this case to date as described above, the numbers of hours expended appear to be reasonable and adequately documented.  However, I note that there are a number of typos in the billing record that it make it hard to understand exactly what occurred for some billing entries.

Specifically, Ms. Ochoa has a number of repetitive and administrative tasks that must be reduced. For example, she spent over an hour to "ma[k]e zoom download and log in instructions." Pet. Ex. 166 at 8. Both Ms. Ochoa and Ms. Ward, spent 20.2 hours "preparing [the] trial binder for expert," which is not only an administrative task, but all of the medical records, expert reports, and medical literature has been filed previously and were readily available. *Id.* at 7.  Ms. Ochoa billed 0.10 hours for "additional meeting with JO for preparation," a meeting with herself. *Id.* at 5. Ms. Ochoa spent a total of 2 hours "billing trial binder for expert," which is an administrative task. *Id.* at 7. Therefore, Ms. Ochoa's total billing will be reduced 10% to take into account the repetitive and administrative billing, reducing her total fee to $34,178.40.

Mr. Greenwood charged a total of $3,390.00 for 7 hours of "travel" to and from Wichita Falls. Pet. Ex. 166 at 9, 10. In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). Therefore, that billing entries totaling $3,390.00 will be reduced by half to $1,645.00.

Taking into account the adjustment of Ms. Carruth's rate from $180.00 to $170.00, the reduction of Ms. Ochoa's billing entries of 10%, and the travel entries included for Mr. Greenwood – a total reduction of **$5,492.60**. Therefore, the total attorneys' fees award taking account the reduction is **$112,281.90.**

### D.  Costs

Like attorneys' fees, costs incurred-by counsel or petitioners themselves-must be reasonable to be reimbursed by the Program. *Perreira*, 27 Fed. Cl. Ct. 29, 34.

Here, petitioner requests that the Greenwood Law Firm be reimbursed for total costs of **$3,574.65**. Second Int. Fees App at 12-13; Pet. Ex 167. The motion includes receipts for medical

records, medical literature, a trip from Houston to Wichita Falls, and postage. These types of costs are routinely awarded in the Vaccine program, and shall be awarded in full here.

The only reduction involves the flight to and from Houston and Wichita Falls. Petitioner submitted an initial receipt of $328.19 for a round trip ticket from Houston to Wichita Falls, for March 21, 2022 through March 25, 2022. Pet. Ex. 167 at 11-13. Later the ticket was changed for an additional charge of $280.02, to change the outgoing flight from March 21, 2022 to March 20, 2022. This amount will not be reduced, but counsel should be aware that this type of charge could have been avoided.

## IV.    Conclusion

In accordance with the above, petitioner's motion for interim attorneys' fees and costs is **GRANTED.**  Accordingly, I award the following:

A) **A sum in the amount of $115,856.55, representing reimbursement for Petitioner's attorneys' fees totaling $112,281.90, and costs totaling $3,574.65, in the form of a check payable to attorney Mr. Sean Greenwood.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[5]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[5] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).