# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: September 26, 2024

```
* * * * * * * * * * * *   *
DOUGLAS BILLING           *
                          *
          Petitioner,     *          No. 18-679V
                          *
v.                        *          Special Master Gowen
                          *
SECRETARY OF HEALTH AND   *
HUMAN SERVICES,           *
                          *
          Respondent.     *
* * * * * * * * * * * *   *
```

*Sean Franks Greenwood,* The Greenwood Law Firm, Houston, TX, for petitioner
*Ryan Daniel Pyles,* United States Department of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On August 8, 2024, Douglas Billing ("petitioner"), filed a Third Application for Interim Attorneys' Fees and Costs. *See* Third Interim Motion ("Third Int. Mot.") (ECF No. 104). Petitioner requests a total of $28,059.00 representing $2,429.00 in attorneys' fees and $25,630.00 in expenses relating to Dr. Omid Akbari's expert work which was inadvertently left out of the prior interim motion. *Id.* at 2. For the reasons below, I hereby **GRANT** petitioner's motion. Petitioner is hereby awarded interim attorneys' fees and costs in the amount of $25,729.00.

### I.    Procedural History

The procedural history in this case was elucidated in the Decision on Interim Fees and Attorneys' Costs issued on September 8, 2023, which is incorporated herein. Petitioner filed the instant Third Motion for Interim Attorneys' Fees and Costs on August 8, 2024. Respondent filed a response on August 14, 2024 deferring "to the Special Master as to whether petitioner is

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

entitled to an interim award of attorneys' fees and costs at this time." Resp't Response to Third Int. Mot. at 5 (ECF No. 105).

The matter is now ripe for adjudication.

## II.    Entitlement to Attorneys' Fees and Costs

### a.  Legal Standard and Interim Awards

The legal standard for an award of reasonable attorneys' fees and costs and interim awards were explicated in my prior Decision on Interim Attorneys' fees and costs and is incorporated fully herein. I also previously determined that this case satisfies the reasonable basis and good faith requirements to receive attorneys' fees, the reasoning for which is also incorporated herein. *See Billing v. Sec'y of Health & Hum. Servs.*, No. 18-679V, 2021 WL 6059382 (Fed. Cl. Spec. Mstr. Dec. 1, 2021); *see also Billing v. Sec'y of Health & Hum. Servs.*, No. 18-679V 2023 WL 7128167 (Fed. Cl. Spec. Mstr. Sept. 8, 2023).  In this application, petitioner indicated that the fees for one of his testifying experts was inadvertently not included in the prior request for interim fees and asserts the hardship of a small firm carrying the large expenses of expert witnesses for a prolonged time. Thus, I find an award of interim fees appropriate.

## III.    Reasonable Attorneys' Fees and Costs

### a.  Legal Standard

The Vaccine Act only authorizes "reasonable" attorneys' fees and costs.  The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera*, 515 F.3d at 1349.  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  *Id.* at 1348.  Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees.  *See Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs."  *Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed.  *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993).  A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

2

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hour that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

### b. Hourly Rate

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience. *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates. The Attorneys Forum Hourly Rate Fee Schedules for 2018-2023 can be accessed online.

Petitioner requests a total of $2,429.00 in attorneys' fees for work done by his attorney, Mr. Greenwood and for paralegal work performed by Mr. Krupa. Pet'r Ex. 168 at 4. Petitioner requests the following rates for the work of his counsel: $495 per hour for work performed in 2023 and $545 per hour for work performed in 2024. *Id.* Petitioner requests the following paralegal rates for work performed by Mr. Krupa: $175 per hour for work performed in 2023 and $185 per hour for work performed in 2024. *Id.*

These rates are consistent with what Mr. Greenwood and Mr. Krupa have received for work in the Vaccine Program and are consistent with the Forum Hourly Rate Fee Schedule. Thus, I find the requested fee rates to be reasonable for the work performed in the instant case.

### c. Hours Expended

A line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484. Rather, I may rely on my experience to evaluate the reasonableness of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

After review of the submitted billing statement, I find that the overall hours spent on this matter are reasonable. The entries are reasonable and accurately describe the work performed and the length of time it took to perform each task. *See generally* Pet'r Ex. 169. Moreover, respondent has not identified any particular entries as objectionable. Therefore, petitioner is entitled to $2,429.00 in attorneys' fees.

### d. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992). As elucidated in *Aycock v. Sec'y of Health & Hum. Servs.*, factors for determining a reasonable expert fee include:

(1) the witness's area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality, and complexity of the information provided; (5) the cost of living in the particular geographic area; and (6)any other factor likely to be of assistance to the court in balancing the interests implicated by the vaccine act.

No. 19-235, 2023 WL 8869423, at *7 (Fed. Cl. Spec. Mstr. Nov. 8, 2023) (internal citations omitted). Moreover, "court may also looked to (1) the fee actually charged to the party who retained the expert; and (2) fees traditionally charged by the expert on related matters." *Id.*

While there is "no uniform rate set for experts in the Vaccine Program, special masters have relied upon past rates that have been previously approved for experts and their own experience and knowledge of an expert's work in a particular case." *Aycock v. Sec'y of Health & Hum. Servs.*, No. 19-235, 2023 WL 8869423, at *8 (Fed. Cl. Spec. Mstr. Nov. 8, 2023). Such practice has resulted in an "informal" cap on expert rates, resulting in a relatively constant top rate of $500 per hour for expert work. *Id.* However, as noted in *Aycock*, "an hourly rate of $550 has been approved for experts that have substantial expertise in their field and in the Vaccine Program." *Id.* (citing *Gardner v. Sec'y of Health & Hum. Servs.*, No. 17-1857V, 2023 WL 3775170 (Fed. Cl. Spec. Mstr. June 2, 2023 (approving $550 per hour for work performed by Lawrence Steinman, M.D.))

Petitioner requests a total of $25,630.00 in costs related to Dr. Akbari's work to prepare, attend, and testify at the Entitlement Hearing in this case, which was inadvertently omitted from petitioner's Second Motion for Interim Fees. Third Int. Mot. at 1-2. Dr. Akbari requested a rate of $550 per hour for work performed in this case from December 2021 through October 2022 as well as one entry in August of 2024. Pet'r Ex. 170 (ECF No. 103). Dr. Akbari is certainly very accomplished in the immunology field and has substantial achievements within such. Moreover, he has extensive experience in the Vaccine Program as an expert, and his testimony in the instant case will be helpful for determining the issues therein. However, for the years 2021-2022 and so far in 2024, Dr. Akbari was consistently awarded a rate of $500 for his work in the Vaccine Program. *See, e.g.*, *Powell v. Sec'y of Health & Hum. Servs.*, No. 20-1726V, 2024 WL 1996715, at *3 (Fed. Cl. Spec. Mstr. April 11, 2024) (citing additional cases from 2022 in which Dr. Akbari's hourly rate was reduced to $500 per hour). Accordingly, I reduce his fee to $500 per

hour, as retrospectively increasing his rate for work performed in those years would not be appropriate.[2]

The particular bill at issue is related to Dr. Akbari's preparation for his testimony at the entitlement hearing held in this case, as well as some follow up work after the hearing. The hours Dr. Akbari expended are appropriate in light of the testimony he provided at the hearing and his preparation for such testimony. Accordingly, I reduce the amount of attorneys' costs by $2,330.00 to reflect the reduced hourly rate and award $23,300.00 in attorneys' costs.

### IV.    Conclusion

In accordance with the above, petitioner's motion for interim attorneys' fees and costs is hereby **GRANTED. Accordingly, I award the following:**

1)  **A lump sum of $25,729.00 for interim attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Mr. Sean Greenwood.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[2] Dr. Akbari's hourly rate for work performed in 2024 has not yet been addressed in a decision on Attorneys' Fees and Costs. Given the very limited amount of time that he billed in 2024 in the instant case, I am awarding the same rate of $500 per hour. However, this does not preclude Dr. Akbari from potentially being awarded a higher rate for more substantive work on cases in 2024.

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).